UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZENEIDA VARGAS, | Civ. No. 12-4331 (KM) |
| Plaintiff, | OPINION |
| v. | |
| BRENDAN FLYNN, | |
| Defendant. | |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiff Zeneida Vargas, appearing pro se, brings this action alleging that Defendant Brendan Flynn violated Title VII of the Civil Rights Act of 1964 by discriminatorily firing her on the basis of sex. Accompanying her form complaint is an application for pro bono counsel.

In her complaint, Vargas alleges that on March 7, 2012, Flynn terminated her employment on the basis of her sex. The complaint states that on June 6, 2012, Vargas filed charges with the New Jersey Division of Civil Right and received a Notice of Right to Sue Letter from the Equal Opportunity Commission (EEOC). It also states that a copy of the charge to the EEOC is attached to the complaint and submitted as a brief statement of the facts of Vargas's claim. There is no such attachment, nor any further description of her claim. Her accompanying application states that her supervisor warned her that taking leave without permission would be taken as voluntary resignation.

Flynn has moved to dismiss Vargas's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Vargas fails to state a claim because she has not stated sufficient factual content to make a claim for relief plausible on its face, and because he is not an "employer" as defined in 42 U.S.C. § 2000e(b), but merely a manager who may not be held individually liable.

For the reasons set forth below, the Defendant's motion to dismiss is granted. This motion is decided without oral argument. *See* Fed. R. Civ. P. 78(b).

## LEGAL STANDARDS AND DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For purposes of a motion to dismiss, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by subsequent Supreme Court case law). Where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

The substantive standard arises from Federal Rule of Civil Procedure 8(a), which requires that a pleading contain "a short and plan statement of the claim showing that the pleader is entitled to relief." Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This entails "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678. Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Title VII of the Civil Rights Act, 42 USC § 2000e et seq., prohibits, among other things, discrimination based on race, color, religion, sex, or national origin in any employer's hiring or firing decision. 42 USC § 2000e-2. An employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." *Id.* at 2000e(b). In the Third Circuit, and most other Circuits, employees of companies, including managers and supervisors, may not be individually liable as defendants in a Title VII suit. *Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1077-1078 (3d Cir. 1996), *cert.*

2

*denied*, 521 U.S. 1129 (1997); *Rowen v. City of Bayonne*, 2009 U.S. Dist. LEXIS 44310, *17-20 (D.N.J. May 26, 2009).

Vargas's form complaint checks a box to indicate that Flynn terminated her employment on the alleged basis of sex. These limited allegations do not elevate Vargas's right to relief above a speculative level. *See Twombly*, 550 U.S. at 570. Vargas's allegations do not suggest that there is any basis on which a factfinder could even infer that Flynn is liable for the conduct alleged. No facts are alleged at all. The complaint states that Vargas's EEOC charge, which might have included more detail, is attached. It is not attached. Vargas does not even allege that Flynn is her employer. Thus, even under the liberal standard applied in assessing pro se complaints, Vargas's complaint must be dismissed.

Because Vargas's complaint is facially insufficient, I will not consider Flynn's affidavit. I note, however, that any new complaint should deal with Flynn's assertion that he was not Vargas's "employer" and cannot be liable under Title VII.

## CONCLUSION

For the reasons stated above, the motion is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. The application for appointment of pro bono counsel is **DENIED** because no potentially meritorious claim is suggested. An appropriate order follows.

_____
KEVIN MCNULTY
United States District Judge

Date: October 8, 2013